04-20491

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIV-KING
MAGISTRATE JUDGE
O'SULLIVAN

ROSE GILLARD, LAURA CROSKEY,
MICHELLE DECORTE, BESSY
GUADALUPE, JULIO PACHECO,
PAULA J. RIVERA, KENNETH F. RUBI,
DONNA SWIFT, and ANGELA VARGAS,

**Plaintiffs,**

v.

TONI ZICCARDI, individually, DAVID
GAW, individually, and THE HERTZ
CORPORATION, a Delaware Corporation,

**Defendants.**

Civil Case No. _____ -CIV
USDJ _____/USMJ

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL - MIAMI

FILED BY _____ D.C.
04 MAR -3 AM 10: 52

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF SAID COURT:**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, The Hertz Corporation ("Hertz"),

and Toni Ziccardi, with the consent of David Gaw, Defendants in the matter of "Rose Gillard,

Laura Croskey, Michelle DeCorte, Bessy, Guadalupe, Julio Pacheco, Paula J. Rivera, Kenneth F.

Rubi, Donna Swift, and Angela Vargas v. Toni Ziccardi, individually, David Gaw, individually,

and The Hertz Corporation, a Delaware corporation," Case No. 04-28940CA-25, pending in the

Circuit Court for the 11th Judicial Circuit, in and for Miami-Dade County, State of Florida,

hereby remove said cause of action to the United States District Court for the Southern District

of Florida, and respectfully show to this Court as follows:

1.     On or about February 6, 2004, Plaintiffs commenced this action by filing a



Summons and Complaint in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 04-2894-CA-25.

2.      On February 12, 2004, Defendant Hertz was served, through its registered agent CT Corporation System, with a summons and the Complaint in this matter, as well as Plaintiffs' First Request For Production Of Documents and First Interrogatories To Hertz.  (Copies of said pleadings are attached hereto as Exhibit 1).  To the best of Hertz's knowledge, no other pleadings have been filed or served with respect to Hertz in the state court.

3.      On February 17, 2004, Defendant Ziccardi was served with a summons and the Complaint in this matter.  (Copies of said pleadings are attached hereto as Exhibit 2).  To the best of Ziccardi's knowledge, no other pleadings have been filed or served with respect to her in the state court.

4.      Defendant Gaw has yet to be served with any pleadings in this matter.  As shown by his Consent to Remove and Declaration, (attached hereto as Exhibit 3), Gaw consents to and joins in the removal of this action to federal court by Defendants Hertz and Ziccardi.

5.      The earliest date that any Defendant had notice of this action was February 12, 2004, the date when Hertz was served with the pleadings described in Paragraph 2, above.

6.      Pursuant to 28 U.S.C. § 1446(b), this removal is timely, having been effectuated within 30 days of Defendants' first notice of this action and the time for answering the Complaint having not yet expired.

**Federal Question Jurisdiction**

7.      This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction), in that Count II of Plaintiffs' Complaint alleges a violation of

rights under the Family and Medical Leave Act, 29 U.S.C. § 825, *et seq.*, a claim arising under the laws of the United States.

8.    This Court also has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction), in that Count I of Plaintiffs' Complaint will require the Court to interpret a collective bargaining agreement which governed the employment relationship between Plaintiffs and Defendant Hertz.  Consequently, and since the terms and conditions of Plaintiffs' employment with Hertz were governed by a collective bargaining agreement between Hertz and Teamsters Local Union 390 (the "Union")(see Defendant Gaw's Consent To Remove And Declaration, at ¶ 6, attached as Exhibit 3), Plaintiffs' Complaint alleges claims against Defendants which are governed by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, *et seq.*, and which are committed to the exclusive jurisdiction of the federal courts.

   a.   Under the complete preemption corollary to the well-pleaded complaint rule, the Court must look beyond the allegations of Plaintiffs' complaint to determine whether the claim alleged is completely preempted under § 301. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  "A plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint."  Darden v. United States Steel Corp., 830 F.2d 1116, 1119, (11th Cir. 1987), quoting Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust Fund for Southern Cal., 463 U.S. 1, 22 (1983).  "It is well-established that § 301 governs, and, hence, preempts claims that are either founded directly on rights created by a collective bargaining agreement or

substantially dependent upon an analysis of a collective bargaining agreement." Darden, 830 F.2d at 1119, citing Caterpillar, 482 U.S. at 392.

b. Plaintiffs' allegations in Count I, are plead under the Florida Whistleblowers Protection Act, F.S. §§ 448.101-448.105. The Whistleblowers Act expressly provides that it "does not diminish the rights, privileges, or remedies of an employee or employer . . . under any collective bargaining agreement or employment contract." F.S. § 448.105. Consequently, the Whistleblowers Act will require an interpretation of the collective bargaining agreement to determine whether any of the "rights, privileges or remedies" created by the contract are diminished by enforcement of the Whistleblowers Act. As will be explained in Hertz's Motion to Dismiss, which will be filed within the five days permitted by Rule 81(c), Fed. R. Civ. Proc., since Plaintiffs' Whistleblower Act claims require an interpretation of the collective bargaining agreement, they are completely pre-empted to the jurisdiction of the federal courts under § 301 of the LMRA, and removal is proper under 28 U.S.C. § 1331.

**Diversity Jurisdiction**

9. This Court also has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction), as follows:

a. At the time the Summons and Complaint was filed, and at all material times, Hertz has been and is a Delaware corporation with its principal place of business in the State of New Jersey. Hertz is not and has not at any time been

a citizen of the State of Florida.

b.  Plaintiffs allege that each of them is a citizen and resident of the State of Florida. (Plaintiffs' Complaint, at ¶¶ 3-5).

c.  Defendants Ziccardi and Gaw, citizens and residents of the State of Florida, have been "fraudulently joined" as defendants in this matter to defeat diversity jurisdiction.  Fraudulent joinder exists when there is no possibility that a cause of action can be established against the resident defendant. Cabalceta v. Standard Fruit Company, 883 F.2d 1553, 1561-62 (11th Cir. 1989).

d.  The Florida Whistleblowers Protection Act is applicable only to employers employing ten or more persons.   F.S.  §  448.101(3).  The statute prohibits "retaliatory personnel actions" by covered employers for specified protected activity by employees, F.S. § 448.102(1)-(3), and provides relief only against the employer.   F.S.  §  448.103(2).   The statute does not provide a cause of action against an individual supervisor or manager. F.S. §§ 448.101-448.105. See, e.g., DeArmas v. Ross, 680 So.2d 1130 (Fl. Ct. App., 1996)(holding that the Public Sector Whistleblowers Act, F.S. § 112.3187, provides no cause of action against an individual official or officer, based upon its conclusion that "the relief afforded under the Act is against the entity." 680 So.2d at 1131.)

e.  Because Ziccardi and Gaw are not "employers" within the meaning of the Florida Whistleblower Protection Act, they are not subject to suit under the Act and, therefore, their citizenship should not be considered in determining whether diversity jurisdiction exists. Cabalceta, 883 F.2d at 1561-62.  In the

absence of any consideration regarding the citizenship of Ziccardi and Gaw, complete diversity of citizenship exists in this case.

f.  Count II of the Complaint is entitled "Donna Swift's Claim Under The FMLA Against Hertz Corporation."  Count II alleges a cause of action by Plaintiff Donna Swift under the The Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* against Defendant Hertz only.  The citizenship of Defendants Ziccardi and Gaw is not at issue with regard to Count II and, therefore, does not defeat diversity jurisdiction.

g.  Although the Complaint does not set forth a specific dollar amount in controversy, the nine Plaintiffs each seek lost wages, benefits and other remuneration, attorneys' fees, and punitive damages.  The discharge of each Plaintiff occurred nearly two years ago.  During their employment, Plaintiffs earned not less than $10.00 per hour.  (See Consent To Remove And Declaration, at ¶ 7, attached as Exhibit 3).  Using that wage rate, for a 40 hour week for two years, back pay alone for the nine Plaintiffs places the amount in controversy in excess of $75,000.  Moreover, Plaintiffs seek other compensatory damages, as well as punitive damages.

**Notice To State Court**

6.  Please take notice that in addition to filing this Notice of Removal with the United States District Court for the Southern District of Florida, Defendant also filed a Notice with the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, advising said court that a Notice of Removal had been filed herein, thereby effecting removal of this action to

the United States District Court pursuant to 28 U.S.C. § 1446(d).  A copy of this pleading is attached as Exhibit 4.

WHEREFORE, based on the foregoing, Defendants Ziccardi and Hertz, with the consent of David Gaw, give Notice of Removal of the State Court action to the United States District Court for the Southern District of Florida, and respectfully request that all future proceedings be held in this Court.

Respectfully submitted this _____ day of March, 2004.

John W. Campbell
Florida Bar No. 198021

Frank B. Shuster            FOR
Georgia Bar No. 644722
*Admission pro hac vice pending*

**CONSTANGY, BROOKS & SMITH, LLC**
100 West Kennedy Boulevard
Suite 500
Tampa, Florida 33602
Telephone: (813) 223-7166
Facsimile: (813) 223-2515

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing ***Notice of Removal*** was served on Plaintiff by depositing a copy of same in the United States Mail, postage prepaid, and addressed as follows:

William O. Solms, Jr.
SOLMS &  PRICE, P.A.
6701 Sunset Drive, Suite 104
Miami, Florida  33143

This ____ day of March, 2004.

JOHN W. CAMPBELL, ESQ.

CONSTANGY, BROOKS & SMITH, LLC
100 West Kennedy Boulevard
Suite 500
Tampa, Florida  33602
Telephone:  (813) 223-7166
Facsimile:  (813) 223-2515

# EXHIBIT 1

*Rose Gillard, et al. v. Toni Ziccardi, et al.*
**Defendants' Notice of Removal**

CONSTANGY, BROOKS & SMITH, LLC
(813) 233-7166



# CT System

**Service of Process Transmittal Form**
Plantation, Florida

02/12/2004

Via Federal Express (2nd Day)

TO: Richard McEvily Vice President
The Hertz Corporation
225 Brae Boulevard
Park Ridge, NJ 07656-0713

Phone: (201) 307-2492 ex:
FAX: (201) 307-2876

RE: **PROCESS SERVED IN FLORIDA**

FOR      The Hertz Corporation Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Rose Gillard, et al, Pltfs. vs Toni Ziccardi, etc., et al including The Hertz Corporation, etc., Dfts. |
| 2. DOCUMENT(S) SERVED: | Summons, Complaint, First Request for Production, First Interrogatories |
| 3. COURT: | Miami-Dade County Circuit Court, FL<br>Case Number 04-2894-CA-25 |
| 4. NATURE OF ACTION: | Wrongful termination on February 28, 2002; violations of the Whistle-Blower Act |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Plantation, Florida |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 02/12/2004 at 10:20 |
| 7. APPEARANCE OR ANSWER DUE: | Within 20 days |
| 8. ATTORNEY(S): | William O. Solms, Jr.<br>(305) 662-2272<br>6701 Sunset Drive<br>Suite 104<br>Miami, FL 33143 |
| 9. REMARKS: | |



RECEIVED FEB 13 2004 LAW DEPARTMENT

RECEIVED FEB 13 2004 LAW DEPARTMENT

| | |
|---|---|
| SIGNED | CT Corporation System |
| PER | Anne Boutilier /DM |
| ADDRESS | 1200 South Pine Island Road<br>Plantation, FL 33324<br>SOP WS 0006065427 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

IN THE CIRCUIT COURT OF THE 11ᵀᴴ JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 04 - 2894 CA 25

ROSE GILLARD, LAURA CROSKEY,
MICHELLE DECORTE, BESSY GUADALUPE
MORALES, JULIO PACHECO,
PAULA J. RIVERA, KENNETH F. RUBI,
DONNA SWIFT, and ANGELA VARGAS,

      Plaintiffs,

vs.

TONI ZICCARDI, individually,
DAVID GAW, individually, and
HERTZ CORPORATION,
a Delaware Corporation.

      Defendant(s).

_____/

**CIVIL ACTION SUMMONS**

**IMPORTANTE**
**En Espanol Al Dorso**

**IMPORTANT**
**Francais Au Verso**

*2/12/04*
*V. Pacek # 395*

*10: calm*

TO:   **THE HERTZ CORPORATION**
       **Registered Agent**
       **CT CORPORATION SYSTEM**
       **1200 S. Pine Island Road**
       **Plantation, FL 33324**

## IMPORTANT

    A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written

response to the Court, located at:

|                              |                          |
|------------------------------|--------------------------|
| (Additional Court            | Dade County Courthouse   |
| locations are printed        | 73 West Flagler Street   |
| on this form.)               | Miami, Florida 33130     |

You must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

WILLIAM O. SOLMS, JR., Esquire
6701 Sunset Drive
Suite 104
Miami, Florida 33143

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendants:

DATED ON ___ FEB 6 - 2004 ___, 2004.



HARVEY RUVIN
CLERK OF THE CIRCUIT COURT
BY:
Deputy Clerk

(SEAL)

## IMPORTANTE

Ud. ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notaficacion, para contestar la demanda adjunta, por escrito y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las parte interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legales que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona mencionada abajo como "Plaintiff/Plaintiff's Attorney" (demandante o abogado del demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet citation pour deposer une response exrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; bous etes oblige de deposer botre reponse ecrite, avec mention du numero de dossier ci-dessus et do nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent enre saisis par la suite, sans aucun preavis ulterieur de Tribunal. Il y a d'autres obligaitons juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (plaignant our a son avocat) nomme ci-dessous.

## ADDITIONAL COURT FACILITY LOCATIONS

Joseph Caleb Center, 5400 NW 22th Avenue, Room 205, Miami, FL 33142
Hialeah District Court, 501 Palm Avenue, 1st floor, Hialeah, FL 33010
North Dade Justice Center, 15555 Biscayne Blvd, Room 100, Miami, FL 33161
Miami Beach District Court, 1130 Washington Avenue, Room 224, Miami Beach, FL 33139
Coral Gables District Court, 3100 Ponce de Leon Boulevard, Room. 100, Coral Gables, FL 33134
Cutler Ridge District Court, 10710 SW 211th Street, Miami, FL 33189
Homestead District Court, 715 NE 1st Road, Homestead, FL 33030
Sweetwater Branch, 500 SW 109th Avenue, Sweetwater, FL 33174

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No. 04- 2894 CA 25

General Jurisdiction Division

ROSE GILLARD, LAURA CROSKEY,
MICHELLE DECORTE, BESSY GUADALUPE
MORALES, JULIO PACHECO,
PAULA J. RIVERA, KENNETH F. RUBI,
DONNA SWIFT, and ANGELA VARGAS.

     Plaintiffs,

v.

TONI ZICCARDI, individually, DAVID GAW, individually, and
THE HERTZ CORPORATION, a Delaware Corporation.

     Defendants.

_____/

## COMPLAINT

    **COME NOW** the Plaintiffs, ROSE GILLARD, LAURA CROSKEY, MICHELLE

DECORTE, JULIO PACHECO, PAULA J. RIVERA, KENNETH F. RUBI, DONNA SWIFT, and

ANGELA VARGAS, (hereinafter referred to as PLAINTIFFS), by and through their

undersigned counsel, and file this Complaint against TONI ZICCARDI, DAVID GAW, and

THE HERTZ CORPORATION, a Delaware corporation, (hereinafter referred to as HERTZ)

alleging:

    1.    This is an action for damages within the jurisdiction of this court, to wit: in

        excess of fifteen thousand ($15,000.00) Dollars and is within the subject matter

        of this Court.

2. At all times material to this Complaint, Plaintiffs ROSE GILLARD, LAURA CROSKEY, MICHELLE DECORTE, BESSY GUADALUPE MORALES, JULIO PACHECO, PAULA J. RIVERA, KENNETH F. RUBI, DONNA SWIFT, and ANGELA VARGAS are former employees of HERTZ, which is located in Miami-Dade County, Florida, within the jurisdiction of this Court.

3. At all times material hereto, Plaintiffs ROSE GILLARD, LAURA CROSKEY, MICHELLE DECORTE, JULIO PACHECO, PAULA J. RIVERA, DONNA SWIFT, ANGELA VARGAS are citizens and residents of Miami-Dade County, Florida and reside within the jurisdiction of this Court.

4. At all times material to this Complaint, Plaintiff BESSY GUADALUPE MORALES is a citizen and resident of Broward County, Florida.

5. At all times material to this Complaint, Plaintiff KENNETH F. RUBI was a citizen and resident of Miami-Dade County, Florida and is presently a citizen and resident of Seminole County, Florida.

6. Defendant HERTZ was and is a foreign corporation qualified to conduct business and conducted business in the state of Florida and Miami-Dade County.

7. Defendant HERTZ owns and operates an automobile rental company located at 3795 NW 21 Street in Miami-Dade County, Florida. (hereinafter referred to as the "HERTZ CENTER") and employed more than 50 employees at this location.

8. At all times material hereto, all the PLAINTIFFS worked at the HERTZ CENTER.

9. Defendant TONI ZICCARDI is the City Manager for HERTZ and worked primarily at the HERTZ CENTER. The Defendant, TONI ZICCARDI, was, at all

2

times material hereto, acting within the course and scope of her agency and employment relationship with HERTZ.

10.    Defendant DAVID GAW is the HERTZ Human Resource Area Manager for HERTZ.  The Defendant, DAVID GAW, was, at all times material hereto, acting within the course and scope of his agency and employment relationship with HERTZ.

11.    Defendants TONI ZICCARDI and DAVID GAW conducted employee meetings with the PLAINTIFFS in which they solicited the PLAINTIFFS to testify falsely against CARLINE WILLIAMS, an employee who had filed a claim against HERTZ alleging employment discrimination, in return for favorable concessions such as not terminating them and/or withdrawing the false accusations trumped up by the Defendants.

12.    When PLAINTIFFS refused to comply, since they would be committing perjury on behalf of HERTZ, their employment was terminated on or about February 28, 2002.

13.    PLAINTIFFS request a trial by jury of all issues so triable and PLAINTIFFS have been required to retain counsel and have incurred the obligation to pay a reasonable attorney fee.

<u>COUNT I</u>

<u>WHISTLE-BLOWER CLAIM AGAINST ALL DEFENDANTS</u>

14.    The allegations in paragraphs 1 through 13 are hereby incorporated by reference.

15.   The actions of the DEFENDANTS and each of them constitute a violation of the Whistle-Blower statute pursuant to F.S. §§ 448.101 – 448.105.

16.   As a result of Defendants' actions, PLAINTIFFS and each of them suffered damages including loss of wages, benefits, seniority and general damages including, but not limited to, pain and suffering, humiliation, inconvenience, and the loss of enjoyment of life.

17.   The actions of the Defendants and each of them were willful and calculated to inflict the maximum damage on PLAINTIFFS.

WHEREFORE, Plaintiffs pray this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited, and on such hearing to this Court, that it:

1.   Reinstatement of the PLAINTIFFS to the same positions held before the retaliatory personnel action, or to equivalent positions.

2.   Reinstatement of full fringe benefits and seniority rights.

3.   Compensation for lost wages, benefits, and other remuneration.

4.   Compensation for reasonable attorney's fees, court costs, and expenses.

5.   Compensation for any other compensatory damages allowable at law and to permit the addition of punitive damages at a later date when there is evidence in the record to support this claim.

6.   Grant such other relief as may be just and proper.

4

## COUNT II

### DONNA SWIFT'S CLAIM UNDER FMLA AGAINST HERTZ CORPORATION

18.  The allegations in paragraphs 1, 3, 6-10, and 13 are hereby incorporated by reference.

19.  DONNA SWIFT requested family medical leave on February 23, 2002 due to her husband's emergency medical condition.

20.  The medical leave was improperly denied in violation of the FMLA provisions pursuant to Title 29 U.S.C. § 825.

21.  HERTZ furthermore retaliated against DONNA SWIFT by bringing false charges against her and terminated her on or about February 28, 2002.

22.  As a result of Defendants' actions, DONNA SWIFT suffered damages including loss of wages, benefits, seniority and general damages including, but not limited to, pain and suffering, humiliation, inconvenience, and the loss of enjoyment of life.

WHEREFORE, DONNA SWIFT prays this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited, and on such hearing to this Court, that it:

1.  Reinstatement of DONNA SWIFT to the same position held before the retaliatory personnel action, or to an equivalent position.

2.  Reinstatement of full fringe benefits and seniority rights.

3.  Compensation for lost wages, benefits, and other remuneration.

4.  Compensation for reasonable attorney's fees, court costs, and expenses.

5

5.     Compensation for any other compensatory damages allowable at law and to permit the addition of punitive damages at a later date when there is evidence in the record to support this claim.

6.     Grant such other relief as may be just and proper.

DATED this ___5___ day of February, 2004.

> SOLMS & PRICE, P.A.
> 6701 Sunset Drive, Suite 104
> Miami, Florida 33143
> Telephone: (305) 662-2272
>
> By: _____
> WILLIAM O. SOLMS, JR., ESQ.
> Florida Bar No. 185970

6

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.

General Jurisdiction Division

ROSE GILLARD, LAURA CROSKEY,
MICHELLE DECORTE, BESSY GUADALUPE
MORALES, JULIO PACHECO,
PAULA J. RIVERA, KENNETH F. RUBI,
DONNA SWIFT, and ANGELA VARGAS.

      Plaintiffs,

v.

TONI ZICCARDI, individually, DAVID GAW,
individually, and THE HERTZ CORPORATION,
a Delaware Corporation.

      Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## ON DEFENDANT THE HERTZ CORPORATION

**COMES NOW** the Plaintiffs, ROSE GILLARD, LAURA CROSKEY, MICHELLE

DECORTE, BESSY GUADALUPE MORALES,  JULIO PACHECO, PAULA J. RIVERA,

KENNETH F. RUBI, DONNA SWIFT, and ANGELA VARGAS, (hereinafter referred to as

"Plaintiffs")  and hereby request that the Defendant, THE HERTZ CORPORATION,

(hereinafter referred to as "HERTZ") produce the documents listed below at the office of

William O. Solms, Jr., at the undersigned address in the time required by the Florida Rules

of Civil Procedure.

1.   Any and all documents kept by HERTZ related to the Plaintiffs' employment and/or discharge, including but not limited to, any and all documents in Plaintiffs' personnel files.

2.   Any and all employee manuals and policy and procedure manuals in effect from May 1, 1997 to May 1, 2003.

3.   Any and all documents concerning Plaintiffs' job functions, job assignments, training, status, salary, bonuses, benefits and other terms and conditions of employment with respect to all positions held while employed by HERTZ.

4.   Any and all documents concerning evaluations of Plaintiffs' performance while employed by HERTZ until their termination, including, but not limited to, evaluations, merit reviews, salary or performance reviews, promotions, transfers, ratings, letters of commendation, praise or criticism, and Golden Heart awards.

5.   Any and all documents relating to HERTZ's claim that the Plaintiffs, during the term of their employment, violated company policy, rules or regulations.

6.   Any and all company policy, rules or regulations that HERTZ claims Plaintiffs violated which resulted in HERTZ's decision to terminate Plaintiffs' employment.

7.   Any and all documents, including signed and/or initialed receipts, kept by obtained by HERTZ regarding HERTZ's accusations against Plaintiffs for receiving remuneration from other car rental companies for referrals.

8.   Any and all reports obtained by HERTZ from any handwriting analyst, including all reports given by Linda Hart.

2

9.     Any and all receipts provided by HERTZ to Linda Hart.

10.    Any and all receipts obtained by HERTZ from Global Rent-A-Car.

11.    Any and all payroll records of the Plaintiffs during the time they worked at HERTZ.

12.    Any and all documents wherein HERTZ has been accused of violation of the Whistle-blower statute by any other employees received by HERTZ since May 1, 1997.

13.    Please provide TONI ZICCARDI's and DAVID GAW's personnel files kept by HERTZ.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served with the complaint on the Defendants.

SOLMS & PRICE, P.A.
6701 Sunset Drive, Suite 104
Miami, Florida 33143
Telephone: (305) 662-2272

BY: _____
WILLIAM O. SOLMS, JR., ESQ.
Florida Bar No. 185970

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.

General Jurisdiction Division

ROSE GILLARD, LAURA CROSKEY,
MICHELLE DECORTE, BESSY GUADALUPE
MORALES, JULIO PACHECO,
PAULA J. RIVERA, KENNETH F. RUBI,
DONNA SWIFT, and ANGELA VARGAS.

      Plaintiffs,

v.

TONI ZICCARDI, individually, DAVID GAW, individually, and
THE HERTZ CORPORATION, a Delaware Corporation.

      Defendants.

_____/

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT THE HERTZ CORPORATION

**COMES NOW** the Plaintiffs ROSE GILLARD, LAURA CROSKEY, MICHELLE

DECORTE, BESSY GUADALUPE MORALES, JULIO PACHECO, PAULA J. RIVERA,

KENNETH F. RUBI, DONNA SWIFT, and ANGELA VARGAS, and hereby propound the

attached interrogatories to Defendant, THE HERTZ CORPORATION, to fully and

completely answer the attached INTERROGATORIES pursuant to applicable time limits

and parameters of the Florida Rules of Civil Procedure 1.340.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT THE HERTZ CORPORATION

<u>Definitions:</u>   In the following request the words listed have the meaning or is designated as:

1.   "Persons" Includes corporations, partnerships, and other business entities, as well as individuals.

2.   "Plaintiffs" refers to Plaintiffs, ROSE GILLARD, LAURA CROSKEY, MICHELLE DECORTE, BESSY GUADALUPE MORALES,  JULIO PACHECO, PAULA J. RIVERA, KENNETH F. RUBI, DONNA SWIFT, and ANGELA VARGAS.

3.   "HERTZ" Refers to Defendant, THE HERTZ CORPORATION.

4.   "The Complaint" refers to ROSE GILLARD, LAURA CROSKEY, MICHELLE DECORTE, BESSY GUADALUPE MORALES,  JULIO PACHECO, PAULA J. RIVERA, KENNETH F. RUBI, DONNA SWIFT, and ANGELA VARGAS v. TONI ZICCARDI, DAVID GAW, and  THE HERTZ CORPORATION, a Delaware Corporation.

5.   "Documents" Include all correspondence, contracts, agreements, letters, invoices, reports, records, memoranda, computer printouts, notes of meetings and all other matters commonly considered to be documents.

6.   Where the name of any person is requested, please also give their address and telephone number.

## INTERROGATORIES

1. Identify the person or persons, their address and telephone number when answering these interrogatories and the persons consulted, as source of information in connection with the preparation of these answers. As to each person consulted please list the numbers of the questions for which they supplied any information used in the answer.

2. Please provide the name, address and telephone number, of the person who has possession and control of the personnel file records of each of the following:

    1.   ROSE GILLARD
    2.   LAURA CROSKEY
    3.   MICHELLE DECORTE
    4.   BESSY GUADALUPE MORALES
    5.   JULIO PACHECO
    6.   PAULA J. RIVERA
    7.   KENNETH F. RUBI
    8.   DONNA SWIFT
    9.   ANGELA VARGAS

3. Please provide a summary of the facts on which HERTZ relies to support any defenses to the claims described in the Complaint.

3

4. Has HERTZ or any of its employees been accused of violating the Whistle-Blower Statute pursuant to F. S. § 448.101- 448.105 since May 1, 1997 to present date? If so please provide the name of the employee, the date and nature of the complaint. If suit was filed, please provide the name of the case and file number for each suit filed.

5. Did HERTZ have a policy or procedure of giving performance evaluations between May 1, 1997 through May 1, 2002? If so, please state the name, address and phone number of the person who administers the evaluations, what the evaluation process was, and whether these policies were in writing.

6. Did HERTZ have any policies and procedures governing the conduct of its business and its employees in effect during May 1, 1997 through May 1, 2002? If so, please give the name of the person who has custody of same and describe them such that a request for their production can be made.

4

7. Provide the names, addresses and telephone numbers of all person(s) who have knowledge of the facts alleged in the complaint.  For each person, please summarize the facts of which they have knowledge.

8. Please describe any and all documents kept by HERTZ related to Plaintiffs' employment.

9. Does HERTZ contend that, during the term of Plaintiffs' employment, Plaintiffs violated any company policy, rule or regulation?

10. If your answer to interrogatory number 9 was yes, please set forth the policy, rule or regulation that Plaintiffs allegedly violated.

11. If your answer to interrogatory number 9 was yes, please IDENTIFY each PERSON who witnessed the alleged violation of company policy, rule or regulation.

12. If your answer to interrogatory number 9 was yes, please IDENTIFY each WRITING relating to the violation of the policy, rule or regulation.

13. Please IDENTIFY the present CUSTODIAN of each WRITING identified in your answer to interrogatory number 12.

14. Please describe any and all documents, including signed and/or initialed receipts, kept by HERTZ regarding HERTZ's accusations against any and all its employees regarding receiving any remuneration from other car rental companies for referrals.

15. Please give the correct name for the corporate employer of the Plaintiffs if the description in the Complaint (i.e. THE HERTZ CORPORATION) is not correct.

16. Does HERTZ have any insurance applicable to the claims described in the Complaint? If so, please give the policy number, the name of the insurance company, the policy limits applicable to this claim, and describe any policy defenses asserted by the insurer.

7

17. Please provide a description of the employee benefit plan in effect from May 1, 1997 through May 1, 2002 which covered the Plaintiffs while they were employed by HERTZ.

18. Please provide the official titles, job descriptions and length of employment for TONI ZICCARDI and DAVID GAW.

STATE OF _____    . )

COUNTY OF _____         )

     **BEFORE ME,** the undersigned defendant, personally appeared _____ the _____ of THE HERTZ CORPORATION, who after being duly sworn, upon oath, does say that the foregoing interrogatories are true and correct to the best of his/her belief and knowledge.

     **SWORN TO AND SUBSCRIBED** to before me in the county and state last aforesaid this ___ day of _____, 2004, by _____., who [ ] is personally known to me, or [ ] produced _____ as identification.

                                      _____

                                        Notary Public, State of

_____
My Commission Expires:

# EXHIBIT 2

*Rose Gillard, et al. v. Toni Ziccardi, et al.*
**Defendants' Notice of Removal**

CONSTANGY, BROOKS & SMITH, LLC
(813) 233-7166

IN THE CIRCUIT COURT OF THE 11ᵀᴴ JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

ROSE GILLARD, LAURA CROSKEY,
MICHELLE DECORTE, BESSY GUADALUPE
MORALES, JULIO PACHECO,
PAULA J. RIVERA, KENNETH F. RUBI,
DONNA SWIFT, and ANGELA VARGAS,

CASE NO.:

**04- 2894 CA 25**

Plaintiffs,

vs.

**CIVIL ACTION SUMMONS**

**IMPORTANTE**
En Espanol Al Dorso

TONI ZICCARDI, individually,
DAVID GAW, individually, and
HERTZ CORPORATION,
a Delaware Corporation.

**IMPORTANT**
Francais Au Verso

Defendant(s).

TO:   TONI ZICCARDI
      2017 S. W. 117ᵗʰ Avenue
      Miramar, FL 33025-5644

or   THE HERTZ CORP,
     3795 N.W. 21 Street
     Miami, FL 33142

**IMPORTANT**

A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Post-it® Fax Note  7671  Date 3/1/04 # of pages ▶ 9

To Frank Schuster   From T-Ziccardi

Co./Dept.           Co.

Phone #             Phone # (305) 870-6318

Fax #               Fax #

2-17-04; 9:01AM;hert.                                    ;3                    # 2/ 9

(Additional Court                Dade County Courthouse
locations are printed            73 West Flagler Street
on this form.)                   Miami, Florida 33130

You must also mail or take a carbon copy or photocopy of your written response to the
"Plaintiff/Plaintiff's Attorney" named below.

WILLIAM O. SOLMS, JR., Esquire
6701 Sunset Drive
Suite 104
Miami, Florida 33143

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons and a copy
of the Complaint in this lawsuit on the above-named Defendants.

DATED ON _____ FEB 6 - 2004, 2004.

HARVEY RUVIN
CLERK OF THE CIRCUIT COURT

BY: _____
Deputy Clerk

(SEAL)

**IMPORTANTE**

Ud. ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion,
para contestar la demanda adjunta, por escrito y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si
usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y
los nombres de las parte interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y
podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros
requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede
llamar a una de las oficinas de asistencia legales que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal,
debera usted enviar por correo o entregar una copia de su respuesta a la persona mencionada abajo como
"Plaintiff/Plaintiff's Attorney" (demandante o abogado del demandante).

**IMPORTANT**

Des poursuites judiciaires ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de
l'assignation de cet citation pour deposer une response exrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup
de telephone est insuffisant pour vous proteger; bous etes oblige de deposer botre reponse ecrite, avec mention du numero
de dossier ci-dessus et do nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne
deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent,
et vos biens peuvent enre saisis par la suite, sans aucun preavis ulterieur de Tribunal. Il y a d'autres obligaitons juridiques
et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner
a un service de reference d'avocats ou a bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette
formalite, faire parvenir ou expedier une copie au carbone ou une photocople de votre reponse ecrite au
"Plaintiff/Plaintiff's Attorney" (plaignant our a son avocat) nomme ci-dessous.

## ADDITIONAL COURT FACILITY LOCATIONS

Joseph Caleb Center, 5400 NW 22th Avenue, Room 205, Miami, FL 33142
Hialeah District Court, 501 Palm Avenue, 1st floor, Hialeah, FL 33010
North Dade Justice Center, 15555 Biscayne Blvd, Room 100, Miami, FL 33161
Miami Beach District Court, 1130 Washington Avenue, Room 224, Miami Beach, FL 33139
Coral Gables District Court, 3100 Ponce de Leon Boulevard, Room. 100, Coral Gables, FL 33134
Cutler Ridge District Court, 10710 SW 211th Street, Miami, FL 33189
Homestead District Court, 715 NE 1st Road, Homestead, FL 33030
Sweetwater Branch, 500 SW 109th Avenue, Sweetwater, FL 33174

2-17-04; 8:01AM;hert.

;3

# 4/ 9

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.

04 28994 CA25

General Jurisdiction Division

ROSE GILLARD, LAURA CROSKEY,
MICHELLE DECORTE, BESSY GUADALUPE
MORALES, JULIO PACHECO,
PAULA J. RIVERA, KENNETH F. RUBI,
DONNA SWIFT, and ANGELA VARGAS.

      Plaintiffs,

v.

TONI ZICCARDI, individually, DAVID GAW, individually, and
THE HERTZ CORPORATION, a Delaware Corporation.

      Defendants.

_____/

## COMPLAINT

COME NOW the Plaintiffs, ROSE GILLARD, LAURA CROSKEY, MICHELLE

DECORTE, JULIO PACHECO, PAULA J. RIVERA, KENNETH F. RUBI, DONNA SWIFT, and

ANGELA VARGAS, (hereinafter referred to as PLAINTIFFS), by and through their

undersigned counsel, and file this Complaint against TONI ZICCARDI, DAVID GAW, and

THE HERTZ CORPORATION, a Delaware corporation, (hereinafter referred to as HERTZ)

alleging:

1.    This is an action for damages within the jurisdiction of this court, to wit: in

      excess of fifteen thousand ($15,000.00) Dollars and is within the subject matter

      of this Court.

2.    At all times material to this Complaint, Plaintiffs ROSE GILLARD, LAURA

CROSKEY, MICHELLE DECORTE, BESSY GUADALUPE MORALES,  JULIO

PACHECO, PAULA J. RIVERA, KENNETH F. RUBI, DONNA SWIFT, and

ANGELA VARGAS are former employees of HERTZ, which is located in Miami-

Dade County, Florida, within the jurisdiction of this Court.

3.    At all times material hereto, Plaintiffs ROSE GILLARD, LAURA CROSKEY,

MICHELLE DECORTE, JULIO PACHECO, PAULA J. RIVERA, DONNA SWIFT,

ANGELA VARGAS are citizens and residents of Miami-Dade County, Florida and

reside within the jurisdiction of this Court.

4.    At all times material to this Complaint, Plaintiff BESSY GUADALUPE MORALES

is a citizen and resident of Broward County, Florida.

5.    At all times material to this Complaint, Plaintiff KENNETH F. RUBI was a citizen

and resident of Miami-Dade County, Florida and is presently a citizen and

resident of Seminole County, Florida.

6.    Defendant HERTZ was and is a foreign corporation qualified to conduct business

and conducted business in the state of Florida and Miami-Dade County.

7.    Defendant HERTZ owns and operates an automobile rental company located at

3795 NW 21 Street in Miami-Dade County, Florida.  (hereinafter referred to as

the "HERTZ CENTER") and employed more than 50 employees at this location.

8.    At all times material hereto, all the PLAINTIFFS worked at the HERTZ CENTER.

9.    Defendant TONI ZICCARDI is the City Manager for HERTZ and worked

primarily at the HERTZ CENTER. The Defendant, TONI ZICCARDI, was, at all

2

2-17-04; 9:01AM;hertz ; ;3 # 8/ 9

times material hereto, acting within the course and scope of her agency and employment relationship with HERTZ.

10. Defendant DAVID GAW is the HERTZ Human Resource Area Manager for HERTZ. The Defendant, DAVID GAW, was, at all times material hereto, acting within the course and scope of his agency and employment relationship with HERTZ.

11. Defendants TONI ZICCARDI and DAVID GAW conducted employee meetings with the PLAINTIFFS in which they solicited the PLAINTIFFS to testify falsely against CARLINE WILLIAMS, an employee who had filed a claim against HERTZ alleging employment discrimination, in return for favorable concessions such as not terminating them and/or withdrawing the false accusations trumped up by the Defendants.

12. When PLAINTIFFS refused to comply, since they would be committing perjury on behalf of HERTZ, their employment was terminated on or about February 28, 2002.

13. PLAINTIFFS request a trial by jury of all issues so triable and PLAINTIFFS have been required to retain counsel and have incurred the obligation to pay a reasonable attorney fee.

## COUNT I

## WHISTLE-BLOWER CLAIM AGAINST ALL DEFENDANTS

14. The allegations in paragraphs 1 through 13 are hereby incorporated by reference.

3

15. The actions of the DEFENDANTS and each of them constitute a violation of the Whistle-Blower statute pursuant to F.S. §§ 448.101 – 448.105.

16. As a result of Defendants' actions, PLAINTIFFS and each of them suffered damages including loss of wages, benefits, seniority and general damages including, but not limited to, pain and suffering, humiliation, inconvenience, and the loss of enjoyment of life.

17. The actions of the Defendants and each of them were willful and calculated to inflict the maximum damage on PLAINTIFFS.

WHEREFORE, Plaintiffs pray this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited, and on such hearing to this Court, that it:

1. Reinstatement of the PLAINTIFFS to the same positions held before the retaliatory personnel action, or to equivalent positions.

2. Reinstatement of full fringe benefits and seniority rights.

3. Compensation for lost wages, benefits, and other remuneration.

4. Compensation for reasonable attorney's fees, court costs, and expenses.

5. Compensation for any other compensatory damages allowable at law and to permit the addition of punitive damages at a later date when there is evidence in the record to support this claim.

6. Grant such other relief as may be just and proper.

4

## COUNT II

## DONNA SWIFT'S CLAIM UNDER FMLA AGAINST HERTZ CORPORATION

18.    The allegations in paragraphs 1, 3, 6-10, and 13 are hereby incorporated by reference.

19.    DONNA SWIFT requested family medical leave on February 23, 2002 due to her husband's emergency medical condition.

20.    The medical leave was improperly denied in violation of the FMLA provisions pursuant to Title 29 U.S.C. § 825.

21.    HERTZ furthermore retaliated against DONNA SWIFT by bringing false charges against her and terminated her on or about February 28, 2002.

22.    As a result of Defendants' actions, DONNA SWIFT suffered damages including loss of wages, benefits, seniority and general damages including, but not limited to, pain and suffering, humiliation, inconvenience, and the loss of enjoyment of life.

WHEREFORE, DONNA SWIFT prays this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited, and on such hearing to this Court, that it:

1.    Reinstatement of DONNA SWIFT to the same position held before the retaliatory personnel action, or to an equivalent position.

2.    Reinstatement of full fringe benefits and seniority rights.

3.    Compensation for lost wages, benefits, and other remuneration.

4.    Compensation for reasonable attorney's fees, court costs, and expenses.

5

5.   Compensation for any other compensatory damages allowable at law and to permit the addition of punitive damages at a later date when there is evidence in the record to support this claim.

6.   Grant such other relief as may be just and proper.


DATED this _5_ day of February, 2004.


                                        SOLMS & PRICE, P.A.
                                        6701 Sunset Drive, Suite 104
                                        Miami, Florida 33143
                                        Telephone: (305) 662-2272

                                        By: _____
                                        WILLIAM O. SOLMS, JR., ESQ.
                                        Florida Bar No. 185970

6

# EXHIBIT 3

*Rose Gillard, et al. v. Toni Ziccardi, et al.*
**Defendants' Notice of Removal**

CONSTANGY, BROOKS & SMITH, LLC
(813) 233-7166

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Civil Case No. _____-CIV

USDJ _____/USMJ_____

ROSE GILLARD, LAURA CROSKEY,
MICHELLE DECORTE, BESSY
GUADALUPE, JULIO PACHECO,
PAULA J. RIVERA, KENNETH F. RUBI,
DONNA SWIFT, and ANGELA VARGAS,

                        Plaintiffs,

v.

TONI ZICCARDI, individually, DAVID
GAW, individually, and THE HERTZ
CORPORATION, a Delaware Corporation,

                        Defendants.

## CONSENT TO REMOVAL AND DECLARATION

I, David Gaw, under oath, state as follows:

1.      I am a named Defendant in the matter of "<u>Rose Gillard, Laura Croskey, Michelle DeCorte, Bessy, Guadalupe, Julio Pacheco, Paula J. Rivera, Kenneth F. Rubi, Donna Swift, and Angela Vargas v. Toni Ziccardi, individually, David Gaw, individually, and The Hertz Corporation, a Delaware corporation</u>," Case No. 04-28940CA-25, pending in the Circuit Court for the 11th Judicial Circuit, in and for Miami-Dade County, State of Florida.

2.      As of the date set forth below, I have not been served with the Summons and

Complaint in the above-referenced matter.

3.      I hereby consent to remove this action to the United States District Court for the Southern District of Florida, and join in the Notice of Removal by Defendants Ziccardi and The Hertz Corporation.

4.      I am employed by Defendant The Hertz Corporation in the position of Employee Relations Manager for the Florida Region.

5.      I am personally familiar with the employment relationship between The Hertz Corporation and each of the Plaintiffs named in this lawsuit.

6.      The employment of each of the Plaintiffs named in this lawsuit is, and has at all times been governed by a collective bargaining agreement between The Hertz Corporation and the International Brotherhood of Teamsters, Local Union No. 390.

7.      Each of the Plaintiffs was employed as a Customer Service Representative at Hertz's Miami Airport rental car operation, and earned hourly wages of no less than $10.00 per hour at the time of their termination.

8.      I swear and affirm under penalty of perjury that what I have said in this Declaration is true and correct to the best of my knowledge.

Dated this _27th_ day of February, 2004.


_____
David Gaw

# EXHIBIT 4

*Rose Gillard, et al. v. Toni Ziccardi, et al.*
**Defendants' Notice of Removal**

**CONSTANGY, BROOKS & SMITH, LLC**
**(813) 233-7166**

**IN THE CIRCUIT COURT FOR THE 11 TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA**

**ROSE GILLARD, LAURA CROSKEY,
MICHELLE DECORTE, BESSY
GUADALUPE, JULIO PACHECO,
PAULA J. RIVERA, KENNETH F.
RUBI, DONNA SWIFT, and ANGELA
VARGAS,**

                                          **Plaintiffs,**

**v.**

**TONI ZICCARDI, individually, DAVID
GAW, individually, and THE HERTZ
CORPORATION, a Delaware
Corporation,**

                                          **Defendants.**

GENERAL JURISDICTION
CASE NO. 02-09068-CA-02

---

## NOTICE TO CIRCUIT COURT OF FILING NOTICE OF REMOVAL

Defendants Toni Ziccardi, David Gaw and The Hertz Corporation, with the consent of

Defendant David Gaw, by their undersigned counsel of record, in accordance with 28 U.S.C. §

1446(d), provides this notice that, by filing the papers attached hereto as **Exhibit A** in the United

States District Court for the Southern District of Florida, on this date, Defendant hereby removes

the above-styled action presently pending in this court to the United States District Court for the

Southern District of Florida, for adjudication by the United States District Court.  Defendants

request that the Clerk of this Court take any appropriate steps required pursuant to this notice and

that no further action be taken herein unless and until the case is remanded to this Court.

Respectfully submitted this__/__day of March, 2004.

_____
John W. Campbell, Esq., Fla. Bar No. 198021

**CONSTANGY, BROOKS & SMITH, LLC**
P. O. Box 1840
100 West Kennedy Boulevard
Suite 500
Tampa, Florida  33601-1840
Telephone:  (813) 223-7166
Facsimile:  (813) 223-2515

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing *Notice to Circuit Court of Filing of Notice of Removal* was served on Plaintiff by depositing a copy of same in the United States Mail, postage prepaid, and addressed as follows:

William O. Solms, Jr.
SOLMS & PRICE, P.A.
6701 Sunset Drive, Suite 104
Miami, Florida 33143

This _l_ day of ~~February~~ *March*, 2004.

John W. Campbell, Esquire

**CONSTANGY, BROOKS & SMITH, LLC**
100 West Kennedy Boulevard
Suite 500
Tampa, Florida 33602
Telephone: (813) 223-7166
Facsimile: (813) 223-2515

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

C4 - 20491

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Rose Gillard, Laura Croskey, Michelle DeCorte, Bessy Guadalupe, Julio Pacheco, Paula J. Rivera, Kenneth F.Rubi, Donna Swift, and Angela Vargas,

## DEFENDANTS

CIV-KING

Toni Ziccardi, individually, David Gaw, individually, and The Hertz Corporation, a Delaware Corporation,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

per attorney

104w/20491/KING/O'50LL.UAN

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

MAGISTRATE JUDGE
O'SULLIVAN

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

William O. Solms, Jr., Esq.
Solms & Price, P.A.
6701 Sunset Drive, Suite 104
Miami, FL 33143   (305) 662-2272

ATTORNEYS (IF KNOWN)

John W. Campbell, Esq.
Constangy, Brooks & Smith, LLC
100 W. Kennedy Blvd., Suite 500
P.O. Box 1840
Tampa, FL 33601-1840   (813) 223-7166

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☒ 720 Labor/Mgmt. Relations | ☐ 863 DWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE 3/1/04

SIGNATURE OF ATTORNEY OF RECORD

#15000   897534

03/03/04

**UNITED STATES DISTRICT COURT**